# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2482-20

K.A.M.,

    Plaintiff-Respondent,

v.

R.P.S., JR.,

    Defendant-Appellant.

_____

        Submitted September 14, 2022 – Decided September 22, 2022

        Before Judges Accurso and Natali.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FV-18-0432-21.

        James A. Abate, attorney for appellant.

        Lyons & Associates, PC, attorneys for respondent (Theresa A. Lyons and Thomas F. Gilbert, on the brief).

PER CURIAM

Defendant R.P.S., Jr.[1] appeals a final restraining order (FRO) entered by Judge Julie M. Marino pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Before us, defendant argues that the judge erred in issuing the FRO claiming her decision was not based on substantial credible evidence in the record. Second, defendant challenges Judge Marino's decision to award plaintiff, K.A.M., attorney's fees, contending that vacating the FRO requires a similar reversal of the fee award, and that the work counsel performed was redundant of that required for the parties' then pending divorce action.

Defendant also relies on Pathri v. Kakarlamath, 462 N.J. Super. 208 (App. Div. 2020) and argues for the first time before us that the judge violated his procedural due process rights when she decided to conduct the FRO hearing virtually rather than in person, in light of concerns associated with the COVID-19 pandemic. He also claims that the court's error manifested itself during the virtual proceeding, when plaintiff purportedly took long pauses before responding to questions, relied on her notes to reference dates when the acts of domestic violence allegedly occurred, and was "coached" by someone off-screen. As best we can discern, he contends in light of these evidentiary

---

[1] We use initials to protect the parties' privacy and the confidentiality of these proceedings. R. 1:38-3(d)(9).

A-2482-20

improprieties, to which his counsel again failed to object, Judge Marino should have, sua sponte, revisited her initial decision permitting the hearing to proceed virtually.

Finally, defendant notes that the Law Division vacated and remanded his municipal conviction for simple assault, in part, because that proceeding was conducted virtually and without his consent. Defendant asserts that the "logic" of the Law Division's decision "naturally extends to the gravity of proceeding via Zoom in a domestic violence restraining order trial," because an FRO is a "quasi-criminal" proceeding as it "impedes an individual's liberties" and any violation "will yield criminal results."

At the conclusion of the FRO proceeding, Judge Marino issued an oral decision and found defendant harassed and assaulted plaintiff and therefore entered an FRO. Following the hearing, plaintiff applied for an attorney's fee award, which the judge also granted in a separate order, in the amount of $8,145.

We are satisfied that the evidence the judge found credible supported the issuance of the FRO. Judge Marino properly applied the principles detailed in Silver v. Silver, 387 N.J. Super. 112, 125-27 (App. Div. 2006), in concluding plaintiff had proven by a preponderance of the evidence that one or more

A-2482-20

predicate act had occurred, and that an FRO was needed to preclude future acts of domestic violence. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998).

We also conclude the judge correctly exercised her discretion in awarding plaintiff's counsel fees. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 443-44 (2001). The court appropriately considered the factors listed in Rule 4:42-9(b) and Rule 5:3-5(c) and found the fees reasonable, and a direct result of defendant's acts of domestic violence. McGowan v. O'Rourke, 391 N.J. Super. 502, 507-08 (App. Div. 2007). Finally, we are satisfied that nothing about the virtual proceedings violated defendant's procedural due process rights or otherwise warrants reversal of the FRO.

We therefore affirm substantially for the reasons set forth by Judge Marino in her oral and written decisions. We provide the following comments to amplify our decision solely as to defendant's procedural due process arguments.

As a preliminary matter, we note defendant never objected to Judge Marino's decision to conduct the hearing virtually. We typically decline to address "questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great

public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). We are satisfied that neither exception applies here. Although we could decline to consider defendant's due process arguments on that basis alone, for purposes of completeness we consider and reject them on the merits.

"Due process is not a fixed concept, however, but a flexible one that depends on the particular circumstances." Doe v. Poritz, 142 N.J. 1, 106 (1995). As our Supreme Court recently explained "virtual [proceedings] are a temporary measure invoked to meet an extraordinary, life-threatening public health crisis" because "the criminal and civil justice system cannot stand still." State v. Vega-Larregui, 246 N.J. 94, 136 (2021). In that case, the Supreme Court concluded that the virtual nature of a grand jury proceeding did not violate the fundamental fairness doctrine or the defendant's constitutional rights, as the court took diligent precautions to preserve the sanctity of the proceedings. Id. at 134.

On the other hand, in D.M.R. v. M.K.G., 467 N.J. Super. 308, 320-22 (App. Div. 2021), we concluded the defendant's due process rights had been violated when the court held a remote FRO trial over Zoom that consisted of several "irregularities." In D.M.R., the plaintiff's mother was present in the room with him throughout the trial and spoke during his testimony, the parties

5

improperly addressed one another directly, and the court questioned the plaintiff's mother in a manner that resembled advocacy. Ibid. We emphasized that during a virtual trial, "each witness must be alone while remotely testifying . . . to 'discourage collusion and expose contrived testimony.'" Id. at 320 (quoting Morton Bldgs., Inc. v. Rezultz, Inc., 127 N.J. 227, 233 (1992)). Because of these errors, we concluded that the defendant had been deprived of her due process rights. Id. at 322.

Prior to the COVID-19 pandemic, we outlined factors for courts to consider in determining whether to allow witnesses to testify via video transmission. Pathri, 462 N.J. Super. at 216. These factors include, among others, "the witness' importance to the proceeding [and] the severity of the factual dispute to which the witness will testify," "whether the factfinder is a judge or a jury," and "the delay caused by insisting on the witness' physical appearance in court versus the speed and convenience of allowing the transmission in some other manner." Ibid.

Here, the proceeding did not suffer from the same infirmities as those in D.M.R. Unlike in D.M.R., the parties were both represented by counsel and the hearing did not include any instances when Judge Marino improperly questioned the parties, nor did the parties inappropriately address each other. Nothing in

6

A-2482-20

the record suggests prospective witnesses or third parties were present in the room with plaintiff or defendant.

Further, although defendant claims that a second voice was audible during plaintiff's testimony "coaching" her, our review of the transcript and audio-recording fails to support that assertion. As to plaintiff's use of her notes when referencing the prior acts of domestic violence, we acknowledge that a witness' ability to so testify is limited by N.J.R.E. 612, which first requires impairment of the witness' memory. State v. Williams, 226 Super. 94, 103 (App. Div. 1988). Thus, while we agree it would have been better practice if plaintiff's use of her notes occurred only after a proper foundation was established, we consider any error harmless, see R. 2:10-2, considering Judge Marino's detailed factual findings, in which she credited plaintiff's testimony over defendant's, combined with defendant's corroboration of significant portions of plaintiff's testimony.

We also reject defendant's reliance on Pathri, 462 N.J. Super. at 216-20. Weighing the factors addressed in that case, we conclude it was entirely appropriate for Judge Marino to conduct the hearing virtually. Although we acknowledge the parties' and witnesses' "importance to the proceeding" and "the severity of the factual dispute[s]," id. at 216, each witness testified without

issue, in part, because Judge Marino was experienced with virtual trials and its associated complexities.

In addition, the delay involved with awaiting an in-person proceeding, particularly one involving allegations of domestic violence, weighed in favor of proceeding virtually. Ibid. This is best illustrated by the fact that only on June 15, 2021, approximately six months after the FRO hearing, did the Supreme Court authorize the New Jersey judiciary staff to be present on-site, and at that point, courts remained closed to the public, "except in emergencies and other limited situations." See Sup. Ct. of N.J., Notice to the Bar: COVID-19 – Next Phase of Court Operations: (1) Continued Increase in On-Site Presence of Judges and Employees; (2) Expanded Capacity for In-Person Court Events; and (3) Continuation of Certain Proceedings Remotely 1 (June 2, 2021).

Finally, we are not persuaded by defendant's argument that the Law Division's decision to vacate and remand his assault conviction warrants a similar result here. In that matter, the judge "[found] that there existed a reasonable likelihood that a jail sentence would be imposed" with respect to defendant's simple assault charge. That significant factor is conspicuously absent here. Indeed, the mere issuance of an FRO does not subject a person to incarceration. Rather, it outlines a permanent protective order between the

8

parties, as well as prohibiting the individual for which the order is against from purchasing, owning, possessing, or controlling a firearm. N.J.S.A. 2C:25-27(c)(1).

While defendant alleges that an FRO proceeding is a "quasi-criminal" proceeding requiring consent before proceeding virtually, he cites no case law or authority supporting that proposition. Specifically, the Supreme Court did not include FRO hearings in its order which enumerated matters that required parties' consent if conducted virtually or by phone during the pandemic.[2] See Sup. Ct. of N.J., Notice to the Bar: COVID-19 – Updated Guidance on Remote Proceedings in the Trial Courts 2 (Apr. 20, 2020).

In sum, nothing about the virtual nature of the FRO hearing supports defendant's claim that he was deprived of his due process rights. The record reflects that the court maintained the formality of the proceedings, ably managed objections, and properly considered all the evidence.

---

[2] In its April 20, 2020 Notice, the Supreme Court identified "the following matters will be conducted remotely using video and/or phone options only with the consent of all parties: (a) Sentencing hearings in Criminal, Family, and Municipal matters; (b) Juvenile delinquency adjudications; (c) Evidentiary hearings and bench trials in Criminal matters; (d) Evidentiary hearings and trials in Municipal matters that involve a reasonable likelihood of a jail sentence or loss or suspension of license; (e) Termination of parental rights trials; and (f) Hearings for an adjudication of incapacity and appointment of a permanent guardian."

A-2482-20

To the extent we have not discussed all of defendant's arguments, we find that they are made without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E)

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2482-20